The commissioners of the Freedman’s Savings and Trust Company, appointed in pursuance of the act of Congress of June 20,1874, may maintain a suit in their own names to foreclose a mortgage to the trust company, to secure a loan of money for which the company held the promissory note of one of the parties.
STATEMENT OF THE CASE.
This bill was filed to foreclose a mortgage made and delivered on the 3d day of January, 1870, by W. Y. Fendall, trustee, and Robert Williams, and Adele, his wife,whereby they conveyed to the Freedman’s Savings and Trust Company certain real estate in the city of Washington, to secure said trust company the payment, on demand, of the sum of $9,000, in which amount the said Robert Williams was indebted to the trust •company, and for which he had given .his promissory note, payable on demand, with interest. The bill represents that only the sum of $2,500 had been paid on said note, and that a prior incumbrance on the same property, for the benefit of H. D. Cooke and others, had been fully paid, but had never been discharged, and that part of the mortgaged premises had been conveyed to Alexander R. Shepherd subsequently to the date of the mortgage in this case, and that said Shepherd’s rights are subordinate thereto. The bill prays that the mortgage may be foreclosed, &c.
The defendants, Robert Williams, A. R. Shepherd, and H. D. Cooke, demur to the bill, on the ground that the plaintiffs have no right to maintain the same, and are not proper parties.
The complainants are the commissioners appointed by the trustees of the trust company, in pursuance of the act of Congress of June 20,1874. (18 Stat. at Large, p. 129.) This is an act amending the charter of the Freedman’s Savings *247 and Trust Company; and the seventh section contains the provisions material in considering the demurrer ,and reads as follows :
“ Whenever it shall be deemed advisable by the trustees of said corporation to close up its entire business, then they shall select three competent men, * * * to be approved by the Secretary of the Treasury, to be known and styled commissioners, whose duty it shall be to take charge of all the property and effects of said conpany, close up the principal and subordinate branches, collect from the branches all the deposits they have on hand, and proceed to collect all sums due said company, and dispose of all the property owned by said company as speedily as the interests of the corporation require, and to distribute the proceeds among the creditors pro •rato, according to their respective amounts, * * * and whenever said trustees shall file with the Secretary of the Treasury a certified copy of the order appointin g said commissioners, and they shall have executed the bonds and taken the oath aforesaid, then said commissioners shall be invested with the legal title to all of said property of said company for the purposes of this act, and shall have full power and authority to sell the same, and make deeds of conveyance to any and all of the real estate sold by them to purchasers.”
It is contended by the parties demurring that the commissioners cannot maintain this suit in their own names, but that the bill should have been filed in the names of the •corporation, the Freedman’s Savings and Trust Company. The court below entered a decree sustaining the demurrer, and the complainants brought the case here on appeal. The general term reversed the decree appealed from, on the ground that the act amending the charter had been accepted by the incorporators, who were also the trustees of the company ; and that the provisions of the statute furnished the commissioners with the right to bring the suit in their own name. The title to the mortgage was transferred with the consent of the corporation to the complainants, and they may therefore properly maintain this bill. The decree was reversed, the demurrer overruled, and the case sent back, •with leave to the defendants to plead or answer.